**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

KANSAS PENN GAMING, LLC      )
                                        )
             **Plaintiff,**      )
                                          )       **CIVIL ACTION**
v.                                   )
                                          )       **No. 09-2149-CM/DJW**
                                          )
CHEROKEE COUNTY COMMISSIONER, )
et al.                              )
                                          )
             **Defendants.**     )
_____)

**MEMORANDUM AND ORDER**

      Plaintiff Kansas Penn Gaming, LLC, brings this civil rights action claiming that defendants

Pat Collins, Jack Garner, Richard Hildebrand, and Carl Hayes, in their official and individual

capacities, and the Board of County Commissioners of the County of Cherokee, Kansas, violated

plaintiff's rights under the Equal Protection Clause of the Fourteenth Amendment to the United

States Constitution.  This case is before the court on Defendants' Motion for Judgment on the

Pleadings (Doc. 12).  For the reasons that follow, the court grants defendants' motion.

**I.**      **Factual and Procedural Background**

      According to the complaint, plaintiff engaged in efforts from September 2007 to September

2008 to promote its application under the Kansas Expanded Lottery Act, Kan. Stat. Ann. § 74-8733

*et seq*. ("KELA") to obtain a Lottery Gaming Facility Management Contract and to become a

Lottery Gaming Facility Manager of a casino in the Southeast Gaming Zone of Kansas, which

includes Cherokee County.  As part of these efforts, plaintiff purchased property in Cherokee

County upon which it planned to develop a casino.

      On September 11, 2008, plaintiff withdrew its application.  That same day, the County filed a

lawsuit against plaintiff and Penn National Gaming, Inc., plaintiff's sole member, asserting that plaintiff breached a predevelopment agreement with Cherokee County. Also on that day, the County obtained an Order of Attachment attaching a $25 million bidder's fee that plaintiff had deposited with the State of Kansas in connection with plaintiff's application. The County's lawsuit remains pending.

The deadline for other potential Lottery Gaming Facility Managers to submit applications passed on January 21, 2009.[1] On January 22, 2009, defendant Hayes, an employee in the Environmental Section of the Cherokee County Health Department ("CCHD") sent a letter (the "CCHD letter") to plaintiff regarding an "illegal dumpsite" on plaintiff's Cherokee County property. The CCHD letter claimed that an "onsite investigation" revealed "[six] structures in various stages of deterioration"; "solid debris and waste"; and "evidence that an indeterminate amount of waste material [had been] disposed of by burning." Claiming that these conditions violated various Kansas statutes and a Cherokee County resolution, the letter directed plaintiff to bring the property into compliance within 45 days, and warned that failure to do so would result in prosecution by the Cherokee County Attorney. (Doc. 1, at 5.)

Plaintiff incurred expenses to investigate the claims in the letter, which it determined to be unfounded. Plaintiff's investigation also revealed that numerous parcels of land in Cherokee County exhibited conditions similar to—or worse than—those alleged by CCHD to exist on plaintiff's property. Plaintiff obtained county records pursuant to the Kansas Open Records Act ("KORA), Kan. Stat. Ann. § 45-2125, *et seq.*, disclosing that (1) the County received no complaints regarding

---

[1] Although that deadline was extended, plaintiff believes Cherokee County has received no additional requests for its endorsement.

plaintiff's property; (2) since January 2006, CCHD has sent no other letters to any other Cherokee County landowner alleging any violation of any county or state environmental law or regulation; and (3) no record of an onsite investigation of plaintiff's property existed.[2] It is undisputed that there has been no prosecution initiated or citation issued with respect to the conditions of plaintiff's property.

Based on these facts, plaintiff filed the instant lawsuit alleging that defendants intentionally treated plaintiff differently from other similarly situated landowners and/or tenants in possession of real property with no rational basis; that these actions were spiteful efforts to target and harass plaintiff for reasons unrelated to any legitmate State objective; and were done with malice or reckless disregard or callous indifference to plaintiff's rights; and that defendants have singled out plaintiff in order to retaliate against plaintiff for withdrawing its application and for its position against the County in the lawsuit filed by the County against plaintiff. Plaintiff seeks various relief, including compensatory damages, punitive damages, costs, and attorney's fees.

Defendants assert that plaintiff has failed to state a claim upon which relief can be granted because the Cherokee County Attorney has not prosecuted plaintiff, and, even if there was a prosecution, these defendants are not the parties who would be enforcing the environmental statutes against plaintiff. Additionally, defendants argue that the individual defendants Collins, Garner, Hildebrand, and Hayes are entitled to qualified immunity.

## II.    Judgment Standard

The court reviews a Rule 12(c) motion for judgment on the pleadings under the same standards as a Rule 12(b)(6) motion to dismiss. *Mock v. T.G. & Y. Stores Co.*, 971 F.2d 522, 528 (10th Cir. 1992) (citation omitted). The court will grant a Rule 12(b)(6) motion to dismiss only

---

[2] Defendants admit that the County and CCHD violated KORA by failing to respond to plaintiff's requests within three business days.

when the factual allegations fail to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While the factual allegations need not be detailed, the claims must set forth entitlement to relief "through more than labels, conclusions, and a formulaic recitation of the elements of a cause of action." *In re Motor Fuel Temperature Sales Practices Litig.*, 534 F. Supp. 2d 1214, 1216 (D. Kan. 2008). The allegations must contain facts sufficient to state a claim that is plausible, rather than merely conceivable. *Id*. "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984); *see also Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1951 (2009). The court construes any reasonable inferences from these facts in favor of plaintiff. *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006). The issue in reviewing the sufficiency of a complaint is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) *overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982).

## III. Discussion

Plaintiff does not claim to be part of an identifiable suspect class that was categorically discriminated against. Rather, plaintiff alleges a "class-of-one" equal protection claim. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) ("Our cases have recognized successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment."). The typical "class-of-one" case is one in which "a public official, with no conceivable basis for his action other than spite or some other improper motive (improper because unrelated to his public duties), comes down hard on a hapless private citizen." *Cont'l Coal, Inc. v. Cunningham*, 553 F. Supp. 2d 1273, 1282 (D. Kan. 2008) (citing *Jicarilla Apache Nation v.*

*Rio Arriba County*, 440 F.3d 1202, 1209 (10th Cir. 2006).  The Tenth Circuit has applied a narrow

standard for class-of-one actions.  *Jennings v. City of Stillwater*, 383 F.3d 1199, 1210–11 (10th Cir.

2004); *Cont'l Coal, Inc. v. Cunningham*, 553 F. Supp. 2d 1273, 1283 (D. Kan. 2008); *see also*

*Jicarilla*, 440 F.3d at 1209 (most circuits, including the Tenth, have proceeded cautiously in

applying class-of-one theory).

Plaintiff claims that defendants violated plaintiff's equal protection rights by singling

plaintiff out.  Plaintiff alleges that harm arose from the CCHD letter in the form of expenses incurred

in investigating its allegations.  However, plaintiff does not allege that there has been any

prosecution initiated or complaint filed or other adverse action with respect to the conditions of

plaintiff's property.  Even assuming all facts alleged are true, plaintiff alleges no specific

governmental action that has had a concrete effect on its rights.  The Tenth Circuit has held that

failure to identify specific actions having a concrete effect on a party's rights is fatal to an equal

protection claim.  *See Jennings v. City of Stillwater*, 383 F.3d 1199, 1209, 1212 (10th Cir. 2004);

*Bruner v. Baker*, 506 F.3d 1021, 1029 (2007).

Plaintiff cites case law for the proposition that persons "subject to or threatened with"

discriminatory prosecution have standing to bring an equal protection claim.  *See* Doc. 19, at 5

(citing, *e.g.*, *Parkhurst v. Tabor*, 569 F.3d 861, No. 08-2610, 2009 WL 1794691, at *3 (8th Cir. June

25, 2009); *Rangra v. Brown*, 566 F.3d 515, 519 (5th Cir. 2009) (holding that "[a] credible threat of

present or future prosecution is an injury sufficient to confer standing").

Plaintiff specifically discusses the Tenth Circuit case of *Mimics, Inc., v. Village of Angel*

*Fire*, 394 F.3d 836 (10th Cir. 2005), in which a village building inspector was "'conducting a

campaign of official harassment directed against [the plaintiffs] out of sheer malice'"  *Id*. at 849

(citation omitted).  The evidence suggested that the defendant inspector entered the plaintiffs'

business on two occasions, unannounced and without consent, to conduct warrantless administrative searches for building code violations. He reported possible code violations to government officials. There was also "extensive" evidence that the plaintiffs were selectively targeted, and that the inspections and/or reports were part of a campaign of harassment directed against the plaintiffs and stemming from their political affiliations in opposition to those of the defendant inspector. As a result of the inspector's efforts, the village commissioners addressed the plaintiffs' occupation of the premises, and ultimately issued a cease and desist letter ordering them to cease engaging in their commercial activity on the property. *Id.* at 841; *Mimics, Inc. v. Village of Angel Fire*, 277 F. Supp. 2d 1131, 1137 (D. N.M. 2003). As a result of the order, the plaintiffs moved to another location. 277 F. Supp. 2d at 1137.[3]

The law set out by plaintiff, although correct, is not dispositive. Indeed, the court agrees that action taken by the government need not be a prosecution *per se* in order to confer standing to raise a viable equal protection claim. But the injury alleged must be more concrete than that alleged here. Plaintiff's claimed damages are the "costs of its investigation into the accusations made in the Cherokee County Health Department letter." (Doc. 1, at 9.) This is not the repeated, intrusive, arbitrary, and unsupported harrassment by government officials exhibited in *Mimics*. This case involves a single letter, which was apparently not followed up in any manner. Plaintiff's complaint fails to allege that it had any legal effect whatsoever, or than any injury resulting from it is traceable to defendants in this case. *See Pignanelli v. Pueblo Sch. Dist. No. 60*, 540 F.3d 1213 (10th Cir. 2008); *Habecker v. Estes Park*, 518 F.3d 1217, 1224 (10th Cir. 2008).

---

[3] Although the *Mimics* court found potential violations of the First, Fourth, and Fourteenth Amendments, it nevertheless held that the inspector was entitled to qualified immunity on the plaintiffs' equal protection claim because the plaintiffs' right to be free from the village building inspector's alleged selective targeting, motivated by political spite, was not sufficiently well established to hold the inspector to knowledge of that right. *Mimics*, 394 F.3d at 849–50.

Because plaintiff fails to assert any concrete or discriminatory legal effect on its rights arising from the CCHD letter, plaintiff fails to state a claim under the Fourteenth Amendment. The court therefore grants defendants' motion for judgment on the pleadings, and dismisses the case.

In light of this ruling, the court declines to address defendants' other arguments in support of dismissal. The court therefore need not reach arguments contained in plaintiff's surreply, and denies plaintiff's request for oral argument on the motion.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Judgment on the Pleadings (Doc. 12) is granted.

**IT IS FURTHER ORDERED** that plaintiff's complaint is dismissed with prejudice for the reasons set out above.

Dated 2nd day of December, 2009 at Kansas City, Kansas.

<u>**s/ Carlos Murguia**</u>
**CARLOS MURGUIA**
**United States District Judge**